# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 1 4 2006

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

GERALD L. MARSHALL )
Fed. Reg. No. 08573-007 )
P. O. Box 630 )
Winton, NC 27986-0630 )

(Enter your full name, prison number
and address)

v.

CIVIL ACTION NO._____
(To be supplied by the Clerk of the
District C____)

FEDERAL BUREAU OF PRISONS
HARLEY LAPPIN )
SCOTT P. STERMER )
HARRELL WATTS )
THOMAS R. CHRISTENSEN

CASE NUMBER   1:06CV02136

JUDGE: Henry H. Kennedy

DECK TYPE: Pro se General Civil

DATE STAMP: 12/14/2006

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### Instructions for filing a Complaint by a Prisoner
#### Under the Civil Rights Act, 42 U.S.C. §1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate complaint for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $250.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court __must__ assess, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

    (1)    the average monthly deposits to your prison account, or
    (2)    the average monthly balance of your prison account for the prior six-month period.

**RECEIVED**

NOV 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

i

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you <u>must</u> submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copies to the Clerk of United States District Court for the District of Columbia, 333 Constitution Ave., NW, Washington, D.C. 20001.

## I.    SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

## II.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?    Yes ( )        No (**X**)

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes ( )    No (**χ**)

C.    If your answer to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to this previous lawsuit.

Plaintiffs:____**N/A**_____

Defendants:___**N/A**_____

2.    Court (if federal court, name the district; if state court, name the county)
    ____**N/A**_____

3.    Docket number____**N/A**_____

4.    Name of judge to whom case was assigned:____**N/A**_____

5.  Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)___N/A_____

6.  Approximate date of filing lawsuit:___N/A_____

7.  Approximate date of disposition:___N/A_____

## III. PLACE OF CONFINEMENT

RIVERS CORRECTIONAL INSTITUTION, Post Office Box 630

Winton, North Carolina  27986-0630

A.  Is there a prisoner grievance procedure in this institution?    Yes (X)    No ( )
    If your answer is Yes, go to Question III B.  If your answer is No, skip Question III B,C and D and go to Question III E.

B.  Did you present the facts relating to your complaint in the prisoner grievance procedure?
    Yes (X)    No ( )

C.  If your answer is Yes to Question III B;

    1.  To whom and when did you complain?_____
        _____

    2.  Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)    Yes (X)    No ( )

    3.  What, if any, response did you receive?  (Furnish copy of response, if in writing.) _____
        _____

    4.  What happened as a result of your complaint?  _____
        _____
        _____

D.  If your answer is No to Question III B, explain why not.    N/A_____
    _____

E.  If there is no prison grievance procedure in the institution, did you complain to prison authorities?    Yes ( )    No ( )    N/A

F.  If your answer is Yes to Question III E;    N/A

iii

1.  To whom and when did you complain?    **N/A**

2.  Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)  **N/A**

3.  What, if any, response did you receive?  (Furnish copy of response if in writing)  **N/A**

4.  What happened as a result of your complaint?    **N/A**

## IV.    PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank.  Do the same for additional plaintiffs, if any.

A.   Name of Plaintiff:  Gerald L. Marshall, #08573-007
     Address:  P.O. Box 630, Winton, NC 27986-0630

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank and their address in the fourth blank. Do the same for additional defendants, if any.

B.   Defendant:  Federal Bureau of Prisons    is employed as
     Federal Agency    at
     Address:  320 First Street, N.W.
          Washington, DC 20534

     Defendant:  Harley Lappin    is employed as
     Director    at  Federal Bureau of Prisons
     Address:  320 First Street, N.W.
          Washington, DC  20534

     Defendant:  Scott P. Stermer    is employed as
     Contract Officer    at  Federal Bureau of Prisons
     Address:  320 First Street, N.W.
          Washington, DC 20534

     Defendant:  Harrell Watts    is employed
     as Administrator    at Federal Bureau of Prisons
     Address:  320 First Street, N.W.
          Washington, DC 20534

     Defendant:  Thomas R. Christensen is employed
     as Secure Institution Manager and On-Site BOP Represent. at
     Rivers Correctional Institution
     145 Parker's Fishery Road * P.O. Box 840
     Winton, NC 27986-9763

## V.    STATEMENT OF CLAIM

State here as briefly as possible the <u>facts</u> of your case.  Describe how each defendant is involved.  Include the names of other persons involved, dates and places.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra sheets if necessary.

**Please see Attached:   <u>Plaintiff's Memorandum Of Law In Support</u>**

**<u>Of His Complaint Under The Civil Rights Act, 42 U.S.C. § 1983</u>**

## VI.    RELIEF

State briefly exactly what you want the Court to do for you.

**Please see Attached:   <u>Plaintiff's Memorandum Of Law In Support</u>**

**<u>Of His Complaint Under The Civil Rights Act, 42 U.S.C. § 1983</u>**

Signed this 21 day of ___November 2006___.

_Gerald L. Marshall_
(Signature of Plaintiff)
**GERALD L. MARSHALL**

I declare under penalty of perjury that the foregoing is true and correct.

___11-21-06___
(Date)

_Gerald L. Marshall_
(Signature of Plaintiff)
**GERALD L. MARSHALL**

v

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GERALD L. MARSHALL )
Fed. Reg. No. 08573-007 )
Rivers Correctional Institution )
P.O. Box 630 )
Winton, North Carolina 27986, )
)
              Plaintiff, )
)
)
vs. )          Civil Action No. : _____
)
)
FEDERAL BUREAU OF PRISONS )
320 First Street, N.W. )
Washington, DC 20534 )
)
HARLEY LAPPIN, DIRECTOR )
Federal Bureau of Prisons )
320 First Street, N.W. )
Washington, DC 20534 )
)
SCOTT P. STERMER, CONTRACT OFF. )
Federal Bureau of Prisons )
320 First Street, N.W. )
Washington, DC 20534 )
)
HARRELL WATTS, ADMINISTRATOR )
Federal Bureau of Prisons )
320 First Street, N.W. )
Washington, DC 20534 )
)
and )
)
THOMAS R. CHRISTENSEN, SSIM )
Rivers Correctional Instituion )
145 Parker's Fishery Road )
Winton, North Carolina 27986 )
)
              Defendants. )
)

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

06 2136

FILED

DEC 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

- 1 -

**COMES NOW** Mr. Gerald L. Marshall, Plaintiff, pro se, and hereby respectfully requests this Honorable Court to issue an injunctive order compelling the Federal Bureau of Prisons ("FBOP") and its officials to provide Plaintiff with the same marketable vocational opportunities to him as they provide to similarly situated District of Columbia offenders housed in the federal facilities. The Plaintiff contends that the Defendants are not in compliance with the Congressional directive set forth in Section 11201 (b) of the National Captial Revitalization and Self-Government Improvement Act of 1997, Public Law 105-33, 111 Stat. 251, 734 (codified at D.C. Code § 24-101(2001 Ed.)). See: **Samuels v. District of Columbia**, 770 F.2d 184, 193-97 (D.C. Cir. 1985).

Plaintiff is also seeking a declatory judgment defining Plaintiff's rights as they are prescribed in accordance with the statutes and regulations asserted within this complaint. The relief the Plaintiff is seeking will provide Plaintiff with the opportunity to exercise his regulatory right and responsibility to particiapate in the vocational training programs in accordance with 28 C.F.R. §541.12(10) and 544.50 et seq., which were promulgated pursuant 18 U.S.C. § 4001(b)(1-2) (Limitation on detention; control of prisons). See: **28 C.F.R. § 0.96(o)** (Delegations); **Chrysler Corp. v. Brown**, 441 U.S. 281, 300-305, 99 S.Ct. 1705, 1716-19 (1979).

## JURISDICTION

1.    The Court has jurisdiction over the Plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. § 1331 (a) and 1343. In addition, Plaintiff asserts that this Court has

- 2 -

jurisdiction pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq.  See:  **Cobell v. Norton**, 240 F.3d 1081, 1094 (D.C. Cir. 2001).

2.    The Defendants in dealing with D.C. code offenders such as the Plaintiff, are acting under the color of D.C. code and stat- utes.  See: **§ 11201(b) of the Revitalization Act, 111 Stat. 745.** The District of Columbia courts have held that the Revitalization Act is an Act of Congress applicable exclusively to the District of Columbia.  See:  **Settles v. Parole Commission**, 429 F.3d 1098, 1104 (D.C. Cir. 2005); **Fletcher v. District of Columbia**, 370 F.3d 1223, 1227 (D.C. Cir. 2004).  The Defendants are amenable to Plain- tiff's civil suit under Title 42 U.S.C. § 1983, for actions taken pursuant to § 11201(b) of the Revitalization Act, codified at D.C. Code § 24-101(b).

## VENUE

3.    Plaintiff is a D.C. Code Offender.  (See Exhibit A – Plaintiff's Judgment & Commitment Order from the Superior Court of the District of Columbia).  The Office of the Attorney Gen- eral of the United States has assumed responsibility for the in- carceration of Plaintiff in accordance with the Congressional man- date that all D.C. Code felons be transferred to the Federal Bureau of Prisons and placed in prisons contracted for or operated by the FBOP.  See:  **D.C. Code § 24-101 (2001 ed.)**; see also:  **Gartrell v. Ashcroft**, 191 F.Supp.2d 23, 26-27 (D.D.C. 2003).

4.    Plaintiff asserts that Defendants are in violation of the Congressional directive by failing to ensure that Plaintiff re- ceives "education" and "training".  See: **D.C. Code § 24-101(b)** and

- 3 -

28 C.F.R. § 541.12(10). The Defendants are also being sued in their official capacity. Venue is proper pursuant to Title 28 § 1391(e) which states in pertinent part:

> "A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred,. . . . ."

28 U.S.C. § 1391(e).

5.      The Federal Bureau of Prisons and its officials have been charged by Congress with the responsibility for Plaintiff's "custody", "care", "education", and "training". D.C. Code § 24-101(b). The authority to transfer Plaintiff to Rivers Correctional Institution, in Winton, North Carolina, was charged to the Federal Bureau of Prisons and its officials. See: D.C. Code § 24-101(c) (Privitization). See also: Exhibit B - Contract Award, dated March 7, 2000. The Federal Bureau of Prisons' headquarters is located at 320 First Street, N.W., Washington, DC 20534.

6.      The Defendants named in this Complaint in their official capacities conduct their daily functions at the FBOP's headquarters in Washington, DC.  "'The residence of an official defendant is determined on the basis of the official residence of the federal officer or agency.'" Franz v. United States, 591 F.Supp. 374 (D.D.C. 1984) (quoting Lamont v. Haig, 590 F.2d 1124, 1128, n. 19 (D.C. Cir. 1978)); Republican Party of North Carolina v. Martin, 682 F.Supp. 834, 836 (M.D.N.C. 1988) ("where a public

- 4 -

official 'is a party to an action in his official capacity, he resides in the judicial district where he maintains his official residence, that is, where he performs his official duties.'")

7.    The Plaintiff presented his issue of the program deficiencies within RCI to the Federal Bureau of Prisons' higher echelon, while they were performing their official duties at the Federal Bureau of Prisons headquarters in Washington, DC. The decision to circumvent the Congressional mandate as set forth in D.C. Code § 24-101(b) (2001 ed.)and to ignore Plaintiff's regulatory rights set forth in 28 C.F.R. § 541.12(10) were made at the FBOP's headquarters by the FBOP officials. Thus, any prospective declaratory and/or injunctive relief ordered by this honorable court should be directed to the FBOP officials at the FBOP's headquarters in Washington, DC. Accordingly, venue would lie in this Court pursuant to 28 U.S.C. § 1391(e).

## DEFENDANTS ARE SUED IN BOTH
## THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

8.    A civil suit pursuant to Title 42 U.S.C. § 1983 may be brought against individual officers in either their official or individual capacity or both.  See:  **Higdon v. Wells County Sheriff's Office**, 426 F.Supp.2d 854, 860 (N.D. Ind. 2006); **Estate of Phillips v. District of Columbia**, 257 F.Supp.2d 69, 84 (D.D.C. 2003).

9.    All the Parties (the Defendants) listed in Section IV of the standard § 1983 form and as listed in the caption of the Plaintiff's Memorandum of Law in Support of his Complaint under the

Civil Rights Act, 42 U.S.C. § 1983, this action is brought against them in both their **official** and **individual** capacities.

### STATEMENT OF FACTS

10.     The Plaintiff brings this civil action under Title 42 U.S.C. § 1983 and the Administrative Procedure Act, Title 5 U.S.C. §§ 701 et seq., to secure his regulatory right to participate in "education" and "vocational" training.  See:  28 C.F.R. § 541.12(10) (Inmate Rights and Responsibilities) and 28 C.F.R. § 544.50 et seq. (Occupational Education Programs).  By denying the Plaintiff his regulatory right to participate in education and vocational training, the Federal Bureau of Prisons and its officials are currently depriving the Plaintiff of his liberty interest without the **due process** of law.

11.     The Plaintiff will establish that the FBOP and its officials have marooned him and other similarly situated D.C. Code offenders to Rivers Correctional Institution in Winton, North Carolina, without providing the D.C. Code offenders with the same regulatory rights to acquire marektable educational and vocational skills as the D.C. Code offenders receive in the Federal Bureau of Prisons facilities.  See:  28 C.F.R. § 544.50 (Occupational Education Programs:  Purpose and Scope).

12.     Congress has charged the Federal Bureau of Prisons and its officials with the responsibility of ensuring that education and training programs are available to Plaintiff while housed at RCI.  See:  D.C. Code § 24-101(b) (2001 Ed.).  Thus, because Plaintiff does not have the same marketable vocational opportunities

- 6 -

available to him like D.C. Code offenders have in the BOP facili-
ties, Plaintiff asserts that he is being deprived of the **equal
protection of the laws** under the Fifth and/or Fourteenth Amend-
ment of the United States Constitution.

13.    Plaintiff asserts that in order to secure his consti-
tutional, statutory, and regulatory rights, he is seeking relief
from the Court in the form of an _injunctive_ and/or _declaratory_
order compelling the Bureau of Prisons and its officials to pro-
vide Plaintiff with marketable vocational opportunites.  "[E]ven
if the underlying statute does not include meaningful (or manage-
able) standards, 'regualtions promulgated by an administrative
agency in carrying out its statutory mandate can provide standards
for judicial review'".  **Inova Alexandria Hospital v. Shalala**, 244
**F.3d 342, 346 (4th Cir. 2001)** (quoting **CC Distribs., Inc. v. United
States**, 883 F.2d 146, 154 (D.C. Cir. 1989)).

### ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. §§ 701 ET SEQ.

14.    Plaintiff asserts that if the claims raised in his § 1983
Civil Rights complaint are not cognizable under Title 42 U.S.C. § 1983,
he respectfully requests this Honorable Court to convert this civil
complaint into a civil action pursuant to the Administrative Proced-
ure Act, 5 U.S.C. §§ 701 _et seq._ or **any statutory mechanism** which
the Court deems appropriate to reach Plaintiff's constitutional,
statutory, and regulatory violations that are asserted in his com-
plaint.

15.    Pursuant to Section 11201(b) of the National Capital
Revitalization and Self-Government Improvement Act of 1997 ("Re-
vitalization Act"), Pub. Law 105-33, 111 Stat. 251, 734, Congress

directed the Federal Bureau of Prisons with the **mandatory**, nondiscretionary duty to ensure that Plaintiff receives "education" and "vocational training".  The Federal Bureau of Prisons provides D.C. Code offenders housed in BOP facilities with a multitude of marketable vocational opportunities.  However, the Federal Bureau of Prisons **does not** provide the Plaintiff with those same marketable vocational opportunities while he is housed at RCI, thereby depriving Plaintiff of the **equal protection of the law**s.

**16.**    28 C.F.R. § 541.12(10) gives the Plaintiff the "right to participate in education, [and] vocational training." Plaintiff asserts that the Federal Bureau of Prisons has failed to provide Plaintiff with marketable vocational opportunities,  thereby depriving Plaintiff of his due process right to participate in "education" and "vocational training."

**17.**    The Plaintiff has a substantial statutory interest in acquiring "education" and "training", and a regulatory "responsibility" to take advantage of any available marketable vocational programs.  See: **D.C. Code § 24-221.01** (Educational Good Time), and **28 C.F.R. § 541.12(10)** (Inmate Rights and Responsibilities), and **BOP Program Statement 5880.32, Chapter 12.**

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

**18.**    On March 29, 2006, the Plaintiff submitted a GEO/RCI Attempt At Informal Resolution.  In his informal resolution, Plaintiff states that he met with Mr. Leary, Academic Counselor and requested placement in the Heating, Ventilation and Air Conditioning course.  Plaintiff further states that Mr. Leary denied his request

- 8 -

because he [Plaintiff] did not meet the age requirement.  On April 1, 2006, J. Sneed responded to the Plaintiff's Informal Resolution Attempt by stating the following:

> "There is no age requirement for HVAC. Anyone who has a GED or High School Diploma may enroll in this course. However if you are older than 25 yrs old then you will be required to pay your own tuition.  You can request a transfer after 18 months of clear conduct."

See Exhibit C.

19.    On April 3, 2006, Plaintiff submitted his RCI Step 1 Administrative Remedy Form.  On April 19, 2006, Mr. David Farmer, Assistant Warden for Programs at RCI responded to Plaintiff's Step I by stating "there is insufficient information to validate your statement."  (See Exhibit D - Plaintiff's Step 1 and See Exhibit E - Step 1 Response).

20.    On May 2, 2006, Plaintiff submitted his RCI Step 2 Administrative Remedy Form. (See Exhibit F).  On May 15, 2006, Warden G. Snyder filed his Step 2 Response (See Exhibit G).

21.    On May 23, 2006, Plaintiff submitted an Inmate Request to Staff to Mr. Thomas R. Christensen, Senior Secure Institution Manager (See Exhibit H).  On May 23, 2006, Mr. Christensen filed his Response to Plaintiff's request (See Exhibit I).

22.    On June 2, 2006, the Plaintiff filed his Regional Administrative Remedy Appeal (See Exhibit J).  On July 14, 2006, a Regional Administrative Remedy Appeal Response (# 415833-RI) was filed in response to Plaintiff's Regional Appeal. (See Exhibit K).

- 9 -

23.    On August 11, 2006, the Plaintiff filed his Central
Office Administrative Appeal (BP-23), (See Exhibit L).  On Oct-
ober 16, 2006, Mr. Harrell Watts, Administrator filed his Re-
sponse to the Plaintiff's Central Office Administrative Appeal.
(See Exhibit M).

24.    Accordingly, the Plaintiff has exhausted all avail-
able administrative grievance procedures and remedies regarding
the issue asserted below in accordance with 28 C.F.R. § 542.10
through § 542.18.  Thus, the Court has subject matter jurisdiction
to hear Plaintiff's claims that he is currently being deprived of
his right to participate in education and vocational training as
prescribed in 28 C.F.R. § 541.12(10).

## THE BOP IS CURRENTLY IN VIOLATION OF THE CONGRESSIONAL DIRECTIVE PRESCRIBED IN D.C. CODE § 24-101(b)

25.    The United States Congress has explicitly charged the
Federal Bureau of Prisons with the responsibility of Plaintiff's
"education" and "training".  D.C. Code § 24-101.  The relevant
provision of the statute expressly states that:

> "[Plaintiff] shall be subject to any law or
> regulation applicable to persons committed
> for violations of laws of the United States
> consistent with the sentence imposed, and the
> Bureau of Prisons shall be responsible for the
> custody, care, subsistence, education, treat-
> ment and training of [Plaintiff]." [Emphasis
> supplied.]

D.C. Code § 24-101(b) (2001 Ed.)

The verb "shall" as it is written in D.C. Code § 24-101(b) imposes
upon the BOP and its officials a mandatory, nondiscretionary duty
to ensure that Plaintiff receives "education" and "training".

- 10 -

"Where the word 'shall' appears in a statutory directive, 'Congress could not have chosen stronger words to express its intent that [the specified action] be mandatory...'" **Plaut v. Spendthrift Farm, Inc.,** 1 F.3d 1487, 1490 (6th Cir. 1993) (quoting from **United States v. Monsanto,** 491 U.S. 600, 607 (1981)). See also: **Association of Civil Technicians v. FLRA,** 22 F.3d 1150, 1153 (D.C. Cir 1994)** (The word "shall" generally indicates a command that admits of no discretion on the part of the person instructed to carry out the directive).

26. Plaintiff has been incarcerated approximately eighteen (18) years. Throughout his many years of incarceration, Plaintiff has continuously sought to improve himself through rehabilitation by enrolling in and completing various educational and training programs. (See Exhibit N - Education Information Sheet).

27. On or about May 23, 2006, Plaintiff requested to be placed in the Heating, Ventilation and Air Conditioning (HVAC) technology course/program. The education department informed the Plaintiff that **"he does not** meet the age or residence requirement." Plaintiff was further informed that the HVAC course is provided to a class of D.C. Code Offenders that are twenty-five years of age or younger. D.C. Code Offenders who are twenty-six years and older such as the Plaintiff must pay over $3,000.00 for the course. The BOP does not impose upon D.C. Code offenders housed in the BOP facilities, any age restriction or residence requirement.

28. Prior to requesting the HVAC Program, Plaintiff requested to enroll in the Custodial Maintenance program on 4-2-2006.

- 11 -

The RCI Education department informed the Plaintiff that "Custo-dial Maintenance is inactive."

29.    Plaintiff has now been deprived of participating in two educational vocational programs at RCI. Plaintiff has requested to be transferred but he has been denied a transfer as well. Plaintiff asserts that he is being denied the "right" to participate in education and vocational training. His interest in participating and completing the aforementioned educational and vocational programs is part of his "responsibility" to take advantage of the programs pursuant to 28 C.F.R. § 541.12 (10). Specifically, 28 C.F.R. § 541.12 (10) provides in part:

**Rights**

> 10.    You have the right to participate in education, vocational training and employment as far as resources are available, and in keeping with your interests, needs, and abilities.

**Responsibilities**

> 10.    You have the responsibility to take advantage of activities wheich may help you live a successful and law abiding life within the institution and in the community. You will be expected to abide by the regulations governing the use of such activities.

30.    Plaintiff has been denied the right to participate in HVAC and Custodial Maintenance. Plaintiff has been denied a transfer to a Bureau of Prisons facility where he can continue his strong desire to acquire <u>marketable educational</u> and <u>voca-tional training</u>. Plaintiff contends that because there are no marketable vocational programs available, he is being denied the

- 12 -

"right" to participate in "vocational training". <u>See</u>:  **28 C.F.R. § 541.12 (10).**

**Plaintiff's Interest**

31.    The Plaintiff's interest in seeking to participate and complete educational and vocational training programs are two-fold.  First, and foremost, the Plaintiff has a deeply rooted interest in obtaining a marketable and vocational skill that will enable him to live a successful and law-abiding life within the community once he is released on parole.  Secondly, the Plaintiff can acquire educational good time credits upon the completion of an "academic" or "vocational" program.  Plaintiff currently has approximately 900 days of potential Extra Good Time (EGT) days available to him.

32.    As a result of RCI not have any marketable vocational programs available to Plaintiff, he is being deprived of his interest in reducing the duration of his sentence structure in accordance with **D.C. Code § 24-221.01** (Educational Good Time), which provides in relevant part:

> "Every person whose conduct complies with institutional rules and demonstrates a desire for self-improvement by success-fully completing an academic or vocation-al program . . . shall earn educational good time credits of no less than **3 days** a month and not more than 5 **days** a month."

**D.C. Code § 24-221.01(a)(2001 ed.).**

33.    Plaintiff asserts that he cannot reap the statutory EGT benefits prescribed in D.C. Code § 24-101(b), if the "acade-mic" or "vocational" programs are not available to him.  **Leis v.**

- 13 -

**Flynt**, 439 U.S. 438, 442 (1979) ("A claim of entitlement . . ., to be enforceable, must be derived from statute or legal rule or through a mutually explicit understanding.")  All of the afore-mentioned statutes and regulations evidently are directed at the same goal:  advancing rehabilitation to destroy recidivism.

34.    Plaintiff has a keen interest in presenting program completions to the U.S. Parole Commission when he is scheduled to appear before the Commission in 2008, for his rehearing.  More im-portantly, society has a vested interest in Plaintiff's rehabili-tative process prior to his reintegration into the community. See: **Morales Feliciano v. Romero Barcelo**, 672 F.Supp. 591, 606-607 **(D. Puerto Rico 1986)**.  The District of Columbia laws promote re-habilitation, i.e., D.C. Code § 24-221.01 (Educational Good Time).

35.    Plaintiff asserts that RCI does not have any avail-able marketable educational and vocational programs/opportunities for him.  He has completed all of the available programs open to him at RCI.  Plaintiff interests extends to completing the HVAC, Custodial Maintenance programs...programs which are not available to him at RCI as a result of an age and residence restriction and unavailability of the program at RCI.  The Plaintiff has been de-nied two (2) programs:  HVAC and Custodial Maintenance.

36.    Plaintiff contends that the Bureau of Prisons and its officials are in direct violation of the D.C. Code § 24-101:  Trans-fer Of Prison System To Federal Authority.  D.C. Code § 24-101 states in part the following:

(b)  Felons sentenced pursuant to the D.C. Official Code. ——
Notwithstanding any other provision of law, not later
than December 31, 2001, the Lorton Correctional Com-
plex shall be closed and the felony population sen-
tenced pursuant to the District of Columbia Official
Code residing at the Lorton Correctional Complex shall
be transferred to a penal or correctional facility op-
erated or contracted for by the Bureau of Prisons.
Such persons shall be subject to any law or regulation
applicable to persons committed for violations of laws
of the United States consistent with the sentence im-
posed, and the Bureau of Prisons **shall** be responsible
for the **custody, care, subsistence, education, treat-
ment** and **training** of such persons.

**D.C. Code Title 24 § 24-101(b) (2001 ed.)**

The D.C. Code Title 24 § 101 coupled with 28 C.F.R. § 541.12 (10),

clearly shows that the Bureau of Prison and its officials are to

be held accountable for the failure of RCI to provide adequate and

suitable marketable vocational and educational programs to the

Plaintiff and other D.C. Code Offenders.

<b>CONCLUSION</b>

**WHEREFORE,** for the foregoing reasons, Plaintiff respectfully

requests that this Honorable Court grant him the relief as follows:

**A.**       Issue an Injunctive Order ordering the Defendants to

transfer the Plaintiff to a facility that will allow him to parti-

cipate in further educational and vocational programs without cost

restrictions or residence restrictions.  Specifically, the HVAC

and or Custodial Maintenance courses.

**B.**       Issue a Declaratory Judgment defining Plaintiff's

rights and responsibilities as they are prescribed in accordance

with the statutes and regulations of 28 C.F.R. 541.12(10) and D.C.

Code § 24-101.

C.      Grant such other relief as it may appear that the Plaintiff is entitled.

Respectfully submitted,


11-21-06
**DATE**

*Gerald L. Marshall*

**GERALD L. MARSHALL, PLAINTIFF, <u>Pro</u> <u>Se</u>**
Fed. Reg. No. 08573-007
Rivers Correctional Institution
P.O. Box 630
Winton, NC  27986-0630


I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.


11-21-06
**DATE**

*Gerald L. Marshall*

**GERALD L. MARSHALL, PLAINTIFF, <u>Pro</u> <u>Se</u>**


- 16 -

## DESCRIPTION OF EXHIBITS

EXHIBIT                                    DESCRIPTION

A –    Petitioner's Judgment & Commitment Order dated 5/22/1990.

B –    Bureau of Prisons Contract Award to Wackenhut (GEO) for
       Rivers Correctional Institution.

C –    GEO/RCI Attempt At Informal Resolution dated 3/29/2006
       and Response dated 4/1/2006.

D –    Plaintiff's Step 1 Administrative Remedy Form dated 4/3/2006
       (2 Pages)

E –    Administrative Remedy Step 1 – Response dated 4/19/2006.

F –    Plaintiff's Step 2 Administrative Remedy Form dated 5/2/2006.

G –    Administrative Remedy Step 2 – Response dated 5/15/2006.

H –    Plaintiff's Inmate Requst to Staff dated 5/23/2006.

I –    Inmate Request to Staff Response by Thomas R. Christensen
       dated 5/23/2006.

J –    Plaintiff's Regional Administrative Remedy Appeal dated
       6/2/2006.

K –    Regional Administrative Remedy Appeal Response dated
       7/14/2006.

L –    Plaintiff's Central Office Administrative Appeal dated
       8/11/2006.

M –    Central Office Administrative Appeal Response dated
       10/16/2006.

Petitioner's Exhibit A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA    245565

United States of America
~~District of Columbia~~

Case No. _F12347-88_

PDID No. _413260_

vs.

_Gerald L. Marshall_

_# 33_

## JUDGMENT AND COMMITMENT/~~PROBATION~~ ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of ☑(E)
_Murder II while armed    (F) assault with intent to kill_

and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____
_c+ (E) not less than 13 years, not more than 39 yrs_
_with mandatory minimum of 5 years_

_'+ (F) not less than 4 years not more than 12 y._
_Consecutive to 'c+ (E) 88_

☑ MANDATORY MINIMUM term of _5 years as to 4_ ☑applies to the sentence imposed.
☐ MANDATORY MINIMUM term does not apply.

☑ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above. _PSI attached to J&C_

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

  ☐ Observe the general conditions of probation listed on the back of this order.

  ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
  written notice from your Probation Officer.

  ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:
  _____

☐ Restitution of $_____ in monthly installments of $_____ beginning
  _____ (see reverse side for payment instructions). The Court
  will distribute monies to _____
☐ _____

**06 2136**

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☐ have not been paid. _deduct from prison pay_
ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

_5/22/90_                                                    **FILED**
Date                                    Judge

**DEC 14 2006**

Certification by Clerk pursuant to Criminal Rule 32(d).

_5/22/90_                                    NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT
Date                                    Deputy Clerk

Petitioner's Exhibit B

## CONTRACT AWARD

| | PAGE | OF | PAGES |
|---|---|---|---|
| | 1 | | 181 |

| 1. CONTRACT NUMBER | 2. EFFECTIVE DATE | 3. SOLICITATION NUMBER | 4. REQUISITION/PROJECT NUMBER |
|---|---|---|---|
| J1PCc-005 | See Block 15c | RFP PCC-0004 | N/A |

| 5. ISSUED BY | CODE | N/A | 6. ADMINISTERED BY (If other than Item 5) | CODE | N/A |
|---|---|---|---|---|---|

5. ISSUED BY

Federal Bureau of Prisons
320 First Street NW Room 500-6
Washington, DC 20534
Scott P. Stermer, Contracting Officer
(OMB #1103-0018 EXP 02/28/01)

6. ADMINISTERED BY

Same Block 5

# ORIGINAL

| 7. NAME AND ADDRESS OF CONTRACTOR | CODE | | 8. PAYMENT WILL BE MADE BY |
|---|---|---|---|

7. Wackenhut Corrections Corporation
4200 Wackenhut Drive
Palm Beach Gardens, FL 33410

8. Federal Bureau of Prisons
Mid-Atlantic Region
Junction Business Park
10010 Junction Drive, Suite 100-N
Annapolis Junction, MD 20701
Regional Comptroller

| 9A. DUNS NUMBER | 9B. TAXPAYER'S IDENTIFICATION NO. | 10. SUBMIT INVOICES (4 copies unless otherwise specified) TO |
|---|---|---|
| (b)(4) | (b)(4) | [X] ITEM 5  [ ] ITEM 6  [ ] ITEM 8  [ ] OTHER (Specify) |

IF CONTENTS

| (X) | SEC. | DESCRIPTION | PAGE(S) | (X) | SEC. | DESCRIPTION | PAGE(S) |
|---|---|---|---|---|---|---|---|
| | | PART I - THE SCHEDULE | | | | PART II - CONTRACT CLAUSES | |
| X | A | SOLICITATION/CONTRACT FORM | 3 | X | I | CONTRACT CLAUSES | 11 |
| X | B | SUPPLIES OR SERVICES AND PRICES/COSTS | 4 | | | PART III - LIST OF DOCUMENTS, EXHIBITS AND OTHER ATTACH. | |
| X | C | DESCRIPTION/SPECS./WORK STATEMENT | 40 | X | J | LIST OF ATTACHMENTS | 96 |
| X | D | PACKAGING AND MARKING | 1 | | | PART IV - REPRESENTATIONS AND INSTRUCTIONS | |
| X | E | INSPECTION AND ACCEPTANCE | 4 | X | K | REPRESENTATIONS, CERTIFICATIONS AND OTHER STATEMENTS OF OFFERORS | 14 |
| X | F | DELIVERIES OR PERFORMANCE | 2 | | | | |
| X | G | CONTRACT ADMINISTRATION DATA | 3 | | L | INSTRS., CONDS., AND NOTICES TO OFFERORS | |
| X | H | SPECIAL CONTRACT REQUIREMENTS | 3 | | M | EVALUATION FACTORS FOR AWARD | |

12. BRIEF DESCRIPTION
Contractor-Owned and Contractor-Operated correctional facility for an estimated population of 1,200 low security male District of Columbia (D.C.) sentenced felons.

| 13. TOTAL AMOUNT OF CONTRACT | ▶ | $91,890,622.95 (FP01009T120M) |
|---|---|---|

14. CONTRACTOR'S AGREEMENT. Contractor agrees to furnish and deliver the items or perform services to the extent stated in this document for the consideration stated. The rights and obligations of the parties to this contract shall be subject to and governed by this document and any documents attached or incorporated by reference.

[X] A. CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN FOUR COPIES TO THE ISSUING OFFICE. (Check if applicable)

B. SIGNATURE OF PERSON AUTHORIZED TO SIGN

C. NAME OF SIGNER
Wayne H. Calabrese

D. TITLE OF SIGNER
President

E. DATE
2/22/2000

15. AWARD. The Government hereby accepts your offer on the solicitation identified in item 3 above as reflected in this award document. The rights and obligations of the parties to this contract shall be subject to and governed by this document and any documents attached or incorporated by reference.

06 2136

A. UNITED STATES OF AMERICA (Signature of Contracting Officer)

FILED

DEC 14 2006

B. NAME OF CONTRACTING OFFICER
Scott P. Stermer, Contracting Officer

C. DATE
3/7/2000

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

AUTHORIZED FOR LOCAL REPRODUCTION

OPTIONAL FORM 307 (9-97)
Prescribed by GSA - FAR (48 CFR) 53.215-1(e)

*DISTRICT OF COLUMBIA SENTENCED FELON - Phase II - STATEMENT OF WORK*
*Request for Proposal PCC-0004*

1    I.    INTRODUCTION

2    The National Capital Revitalization and Self-Government
3    Improvement Act of 1997 mandates that the Bureau of Prisons house
4    a portion of the District of Columbia sentenced felon population
5    in private contract facilities.

6    The Bureau of Prisons has proceeded to comply with this mandate
7    by identifying the appropriate populations to fulfill the
8    requirement from the overall District of Columbia sentenced felon
9    population.

10   The attached SOW identifies the technical and programmatic
11   details for a low security adult male population.

*DISTRICT OF COLUMBIA SENTENCED FELON - Phase II - STATEMENT OF WORK*
*Request for Proposal PCC-0004*

1  II.   EXPLANATION OF STATEMENT OF WORK TERMS

2  ACA - American Correctional Association.   The private, nonprofit
3  organization that administers the only national accreditation
4  program for all components of adult and juvenile corrections.
5  Its purpose is to promote improvement in the management of
6  correctional agencies through the administration of a voluntary
7  accreditation program and the ongoing development and revision of
8  relevant, useful standards.

9  BOP - Federal Bureau of Prisons.

10  BOPDOCS - The electronic document management system for the BOP
11  containing policy, regulations and directives.

12  CO - Contracting Officer.   The Government employee, by virtue of
13  a Contracting Officer's Warrant, empowered to negotiate, award,
14  administer, cancel or terminate contracts on behalf of the United
15  States Government.

16  Contract Award - The date the CO awards the contract.   For the
17  purposes of the contract, the date the CO signs the Standard Form
18  (SF) 33, Solicitation, Offer and Award or the SF 26, Contract
19  Award.

20  COR - Contracting Officer's Representative.   The Government
21  employee designated in writing by the CO authorized to perform
22  certain limited functions on behalf of the CO.   The extent of COR
23  responsibilities are outlined in Section G of the contract and
24  the COR Designation Letter, a copy of which will be provided to
25  the contractor subsequent to contract award.

26  COTR - Contracting Officer's Technical Representative.
27  Government staff designated in writing by the CO who assist the
28  COR in the performance of duties.   The extent of COTR
29  responsibilities are delineated in writing by the CO and will be
30  provided to the contractor subsequent to award.

31  Credentials - Documents providing primary source verification
32  including education, training, licensure, experience, board
33  certification and qualifications of an employee.

34  DC - District of Columbia.

35  DCDOC - District of Columbia Department of Corrections.

2

*DISTRICT OF COLUMBIA SENTENCED FELON - Phase II - STATEMENT OF WORK*
*Request for Proposal PCC-0004*

1  DOJ - Department of Justice.

2  DHO - Discipline Hearing Officer.  The Government-trained
3  contractor employee responsible for conducting discipline
4  hearings.

5  Emergency - Any significant disruption of normal institution
6  procedure, policy or activity including but not limited to:
7  inmate disturbances; work or food strike; food borne illness;
8  escape; fire; natural disaster; or other serious incident.

9  FBI - Federal Bureau of Investigation.

10  Former Inmate - A person who has been found guilty of committing
11  a felony or misdemeanor for whom less then one year has elapsed
12  since release from custody or any type of supervision.

13  HSU - Health Services Unit.  The organizational unit providing
14  routine and emergency health care.  The HSU is the designated
15  part of the institution delivering care to inmates on an
16  ambulatory or observation basis.

17  Inmate - An individual confined under the auspices and authority
18  of the BOP or under supervision of a Federal court.

19  Inmate Records - Information concerning an inmate's personal,
20  criminal and medical history, behavior and activities while in
21  custody.  This may include, but is not limited to: detainers;
22  personal property receipts; visitor lists; photographs;
23  fingerprints; disciplinary infractions and actions taken;
24  grievance reports; work assignments; program participation;
25  miscellaneous correspondence; forms prescribed by Government
26  policy, etc.

27  JCAHO - Joint Commission on Accreditation of Health Care
28  Organizations.

29  Lethal Force - The force a person uses with the purpose of
30  causing/or which they know, or should know, would create a
31  substantial risk of causing death or serious bodily harm.

32  NTP - Notice to Proceed.  The written official notice signed by
33  the CO which authorizes the contractor to proceed with the
34  contract.  The contractor shall begin accepting inmates within 30
35  days after issuance of the NTP.

3

*DISTRICT OF COLUMBIA SENTENCED FELON - Phase II - STATEMENT OF WORK*
*Request for Proposal PCC-0004*

1  OAR - Operational Availability Rate.  The monthly rate for
2  computer services/resource components which is a percentage
3  calculated by dividing the accumulated monthly down time hours by
4  the total number of hours of operation for a given month.

5  Prime Contractor - The entity to which the Government has awarded
6  the contract.

7  Professional Staff - Staff employed in the Medical, Educational,
8  Religious and Psychological disciplines.

9  P.S. - Program Statement.  A BOP written directive that
10 establishes policy in a given area.

11 Safety Equipment - Including but not limited to fire fighting
12 equipment (e.g., chemical extinguishers, hoses, nozzles, water
13 supplies, alarm systems, portable breathing devices, gas masks,
14 fans, first aid kits, stretchers) and alarm systems.

15 Sensitive Information - Any information which could affect the
16 national interest, law enforcement activities, the conduct of
17 Federal programs or the privacy to which individuals are entitled
18 under Section 552a of Title 5, U.S.C.

19 SENTRY - The BOP's on-line, real time data base system, used
20 primarily for maintaining information about Federal inmates.  It
21 contains information about sentencing, work assignments,
22 admission/release status and other special assignments for
23 monitoring inmate status.  The SENTRY system also includes
24 property management and other modules which address most aspects
25 of incarceration.

26 Subcontract - Any agreement entered into by the prime contractor
27 with another entity to provide services and supplies to
28 accomplish performance of the contract.

29 USMS - United States Marshals Service.

30 Warden - The contractor's official, regardless of title (e.g.,
31 Chief Executive Officer (CEO) or Facility Administrator) who has
32 ultimate responsibility for the overall management and operation
33 of the institution.

34 Additional definitions are contained in the ACA Standards for
35 Adult Correctional Institutions.

4

*DISTRICT OF COLUMBIA SENTENCED FELON - Phase II - STATEMENT OF WORK*
*Request for Proposal PCC-0004*

1    III. OBJECTIVE

2    A.   Performance Requirements

3    This SOW sets forth the contract performance requirements for the
4    comprehensive management and operation of a contractor-owned/
5    contractor-operated corrections facility for a low security adult
6    male population.

7    Housing facilities shall be provided to accommodate at least
8    1,200 low security beds at a single site.  In addition, the
9    institution shall include a special housing unit (segregation)
10   with a capacity of at least 10% of the institution's rated
11   capacity.

12   The contractor shall ensure that the institution is operated in a
13   manner consistent with the mission of the BOP.  It is the mission
14   of the BOP to protect society by confining offenders in the
15   controlled environments of prison and community-based facilities
16   that are safe, humane, cost-efficient, and appropriately secure,
17   and that provide work and other self-improvement opportunities to
18   assist offenders in becoming law-abiding citizens.

19   The institution shall be located within a 300 mile radius of the
20   United States Capitol, Washington, D.C.

21   Contract performance shall be for a three-year base period with 7
22   one-year options, exercised unilaterally by the Government, for a
23   potential term of ten years.

24   Within 365 days following contract award, the contractor shall
25   notify the CO it is ready to accept inmates and assume full
26   responsibility for the operation, maintenance and security of the
27   institution.

28   It is essential that the contractor be fully prepared to accept
29   responsibility for performing the requirements of the contract,
30   thus ensuring the safety and security of the community.
31   Therefore, the BOP will perform numerous assessments to ensure
32   contract compliance prior to issuance of the NTP (See Contract
33   F.2).

34   Unless otherwise specified, all plans, policies and procedures,
35   including those identified in the ACA standards, shall be
36   developed by the contractor and submitted in writing to the CO

5

*DISTRICT OF COLUMBIA SENTENCED FELON - Phase II - STATEMENT OF WORK*
*Request for Proposal PCC-0004*

1  for review and concurrence prior to issuance of the NTP.  Once
2  concurrence has been granted, these plans, policies and
3  procedures shall not be modified without the prior written
4  acknowledgment of the CO.

5  If the BOP determines the contractor is capable of accepting
6  inmates, the NTP will be issued.  The contractor shall begin
7  accepting inmates within 30 days after issuance of the NTP.

8  It is anticipated that the BOP will predominantly designate
9  individuals committed as DC sentenced felons to the institution.
10 However, the BOP may designate any inmate within its custody
11 utilizing the same designation criteria as used at other BOP
12 facilities.  P.S. 5100.06, Security Designation and Custody
13 Classification Manual, outlines the procedures for designating
14 inmates.

15 Designations to the institution are anticipated to occur at an
16 estimated rate of 40 inmates per week.  The estimated weekly
17 designation of 40 inmates to the institution will result in the
18 population meeting the 1,200 bed requirement in 30 weeks.  The
19 institution designation schedule of 40 inmates per week is an
20 estimate only.  Actual designations will depend upon many
21 factors, including but not limited to, the contractor's ability
22 to provide services in accordance with the SOW; the sentencing of
23 offenders by the DC and Federal Courts; the designation of
24 offenders by the BOP.

25 Unless otherwise indicated, the contractor shall furnish all
26 personnel, management, equipment, supplies and services necessary
27 for performance of all aspects of the contract.

28 Unless explicitly stated otherwise, the contractor is responsible
29 for all costs associated with and incurred as part of providing
30 the services outlined in this contract.

31 B.  Contract Compliance

32 All services and programs shall comply with the SOW; the U.S.
33 Constitution; all applicable Federal, state and local laws and
34 regulations; applicable Presidential Executive Orders (E.O.); all
35 applicable case law, consent decrees, and Court Orders.  Should a
36 conflict exist between any of the aforementioned standards, the
37 most stringent shall apply.  When a conflict exists and a
38 conclusion cannot be made as to which standard is more stringent,

6

*DISTRICT OF COLUMBIA SENTENCED FELON - Phase II - STATEMENT OF WORK*
*Request for Proposal PCC-0004*

1   the CO shall determine the appropriate standard.  The contractor
2   shall comply with and implement any applicable changes to BOP
3   policy, DOJ regulations, Congressional mandate, Federal law, DC
4   law, or E.O.  Should the Government invoke such changes the
5   contractor retains its rights and remedies under the terms and
6   conditions of the contract.

7   The BOP reserves its rights to conduct announced and unannounced
8   inspections of any aspect of contract performance at any time and
9   by any method in order to assess contract compliance.

10  C.  General Administration

11  Unless otherwise specified by the CO, the contractor is required
12  to perform in accordance with the most current edition of the ACA
13  Standards for Adult Correctional Institutions and Standards
14  Supplement.

15  The contractor shall obtain ACA accreditation within 24 months of
16  NTP and shall maintain continual compliance with the above
17  referenced ACA standards and supplements during performance of
18  the contract, unless otherwise specified by the BOP.  Once full
19  accreditation has been obtained, the contractor shall maintain
20  this accreditation throughout the life of the contract, inclusive
21  of any option year exercised.  Failure to perform in accordance
22  with contract requirements and to obtain ACA accreditation within
23  24 months of NTP will, at a minimum, result in a reduction of the
24  contract price.

25  Accomplishment of some ACA standards is augmented by BOP policy
26  and/or procedure.  In these instances, the SOW identifies and
27  provides direction for the enhanced requirements.

28  The contractor is responsible for a Quality Control Program (QCP)
29  which ensures all requirements of this SOW are achieved.  The
30  specific requirements for the QCP are detailed in Section J,
31  Attachments 2, 3, and 4 of the contract.

32  Several sections of this SOW require the contractor to maintain a
33  system of records identical to the BOP's.  The contractor shall
34  not establish a separate system of records without prior written
35  concurrence by the CO.  This requirement is necessary to maintain
36  consistency of inmate records as inmates transfer throughout the
37  BOP.

7

*DISTRICT OF COLUMBIA SENTENCED FELON - Phase II - STATEMENT OF WORK*
*Request for Proposal PCC-0004*

1  All records related to contract performance shall be retained in
2  a retrievable format for the duration of the contract.  Except as
3  otherwise expressly provided in this SOW, the contractor shall,
4  upon request of the CO or upon completion or termination of the
5  resulting contract, transmit to the Government any records
6  related to the performance of the contract.

7  The contractor shall protect, defend, indemnify, save and hold
8  harmless the United States Government, the BOP and its employees
9  or agents, from and against any and all claims, demands,
10  expenses, causes of action, judgments and liability arising out
11  of, or in connection with, any negligent or intentional acts or
12  omissions of the contractor, its agents, subcontractors,
13  employees, assignees or any one for whom the contractor may be
14  responsible.  The contractor shall also be liable for any and all
15  costs, expenses and attorneys fees incurred as a result of any
16  such claim, demand, cause of action, judgment or liability,
17  including those costs, expenses and attorneys fees incurred by
18  the United States Government, the BOP and its employees or
19  agents.  The contractor's liability shall not be limited by any
20  clause or limits of insurance set forth in the resulting
21  contract.

22  In awarding the contract, the Government does not assume any
23  liability to third parties, nor will the Government reimburse the
24  contractor for its liabilities to third parties, with respect to
25  loss due to death, bodily injury, or damage to property resulting
26  in any way from the performance of the contract or any
27  subcontract under this contract.

28  The contractor shall be responsible for all litigation, including
29  the cost of litigation, brought against it, its employees or
30  agents for alleged acts or omissions.

31  The CO shall be notified in writing by the contractor of all
32  litigation pertaining to this contract and provided copies of
33  said litigation within five working days of the filing.  The
34  contractor shall cooperate with Government legal staff and/or the
35  United States Attorney regarding any requests pertaining to
36  Federal or contractor litigation.

37  Policies and procedures shall be developed which ensure a
38  positive relationship is maintained with all levels of Federal,
39  state, and local governments.  Procedures shall include a

8

Petitioner's Exhibit C

# GEO/RCI ATTEMPT AT INFORMAL RESOLUTION
## (Request for Administrative Remedy)

Date Rcv'd 3/27/06
⊕    (Staff)

C-2006-033

To: _Bracey_
(Counselor)

1. Write in this space, briefly, your complaint. Include all details and facts which support your request.

On March 24th 2006, I spoke with Mr. Leary, Academic Counselor requesting placement in HVAC. Leary denied my request for the HVAC course stating: "Because of my age, I do not meet the (age) requirement". I have completed all of the courses provided by R.C.I. At this time, I am being deprived of my right to participate in the only course that I haven't taken that I am ___ Pg. 1 of 2

2. What action do you wish to be taken to correct the situation?

R.C.I. does not have or provide a "Variety" of Vocational opportunities to offer me. With that, I have a need to be transferred to a BOP facility which will give me a variety of vocational opportunities to choose from. See 28 C.F.R. § 541.12(10)

Gerald Madill    _Gerald Madill_          08573007        C-4 215        3-29-06
Inmate Name/Signature                     Reg. No.        Unit/Bed       Date

3. State Clearly staff efforts to resolve the matter informally. Be specific, but brief and provide to inmate.

There is no age requirement for HVAC. Any Day Anyone who has a GED or High School Diploma may enroll in this course. However, if you are older than 25yrs old then you will be required to pay your own tuition.

You can request for a transfer after 18 months of clear conduct.

*************************************************************************

The Informal Resolution Was/(Was Not) (circle one) accomplished for the above noted reason.

_S.U. Madill_          4-1-06          _J. Greco_          4/1/06
Inmate Signature       Date            Counselor Signature    Date

FILED 06-2136
Revised 01/21/04
pch

DEC 14 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

deny me the right to participate in the HVAC course is a blatant violation of 28 c.f.R. § 541.12 (10) (Inmate rights and responsibilities) ("You have the right to participate in education and vocational training...) I have approximately 958 days of EGT available to me. To deny me the opportunity to aquire the HVAC course, is equivalent to denying me the right to reduce the duration of my sentence, via EGT. See chiefly 28 C.F.R. § 523.30 and its concomitant BOP program statement 5884.02 (Educational Good Time Sentence Credit for D.C. Code Offenders). The fact that my past prison conduct has been less than perfect, does not trump my absolute right to participate in education and vocational training. See chiefly, 28 C.F.R. § 541.12 (10).

Pg. 2 of 2

Petitioner's Exhibit D

 **GEO**
GLOBAL EXPERTISE IN OUTSOURCING

**Correctional Programs
Administrative Remedies**

## Rivers Correctional Institution
## Step 1 Administrative Remedy Form

Paso 1 Forma De Remedio Administrativo

| Name: Gerald L. Marshall | Number: 08573-007 |
| Nombre: | Numero: |
| Date: April 3, 2006 | Housing Assignment: Pod Orderly |
| Fecha: | Unidad Asignada: |

| For Official Use Only – Para Uso Oficial Solamente |||
| Date Rec'd: | Complaint #: | Staff Assigned: | Date Due: |

| Complaint - Reclamo |

Describe your complaint in the section below. Be as concise as possible, but be sure to include enough identifying data to assist in through investigation (e.g. dates, names, locations, times, etc....) Attach one (1) additional page if necessary, and the Informal Resolution Form with any other supporting documentation.

Describa su telaino en la seccion de abajo. Dea lo mas breve posible, pero asegurese de incluir suficiente informacion para asistir en una completa investigacion (pe... Fechas, nombres, ubicaciones, tiempos, etc....) Agregue una pagina si es necesario.

Sneed's response to my informal complaint contradicts itself whole heartly for my entry into the HVAC course. She clearly states "there is no requirements for HVAC, anyone who has a GED or High School Diploma may enroll in this course". On March 24th, 2006, I spoke with Mr. Leary requesting that I be placed in the HVAC course. Leary stated because of my age, I do not meet the (age) requirement

*Gerald L. Marshall*
Inmate Signature

FILED
DEC 14 2006
NANCY MAYER WHITTINGTON CLERK
U.S. DISTRICT COURT

06 2136

Pg. 1 of 2

Second, I have been denied placement in the Custo Maintenance Vocational Course because "[A]t the present time, Custodial Maintenance is inactive". See the attachment April 2006 request to staff. Notably, G. Snyder has apprised my fellow inmate that RCI offers various programs such as Custod Maintenance. See the attached 3-27-06 response authored and executed by G. Snyder. If Custodial Maintenance is offered by RCI, then why have I been denied the course? See Chie 28 C.F.R. § 541.12 (10) (Inmate rights and responsibilities) ("you have th ight to participate in education, vocational training").

I have been incarcerated for seventeen (17) years. I have been programing throughout my incarceration. I have completed all of the limited amount of programs that RCI has to offer. See the attached March 2 2006 Education Data Transcript. Thus, I have been thrust into an idle inmate status, because RCI does not offer a "variety of vocational opportuni see RCI-19.001 (v) ("[RCI] will provide inmates with a variety of job/vocational opportunities that will benefit them and the community").

RCI is clearly preventing me from participating in vocational training. eny me the right to acquire the requested vocational training runs counter to the ve iterest of the community and a breach of the March 7, 2000 Contract. See JIPCe- age 5 lines 12-18. I am requesting a transfer to a BOP facility, which will rovide me with the HVAL course, and/or a multitude of vocational pportunities. See Chiefly, 28 C.F.R. § 544.50 and BOP program statement 100.07 (f), Chapter 10, page 2, respectively.

Original page 2 of 2

Petitioner's Exhibit E



**The GEO Group, Inc.**

## Administrative Remedy

### Step 1 – Response

| | | | |
|---|---|---|---|
| Date Filed: | | Remedy ID No.: | 06-063 |
| Inmate Name: | Gerald Marshall | Reg #: | 08573-007 |

This is in response to your Step 1 Administrative Remedy dated April 3, 2006 in which you are stating that you are being denied Rivers Correctional Institutions HVAC class.

An investigation revealed that you are not being denied the HVAC but "According to the guidelines set forth from the Workforce and Community Transaction program and the DOC-SEO, eligible participants are: 18-25 years old, high school graduates or GED recipients, within 1-5 years of release from prison, and residents of the District of Columbia. Records show that you do not meet the criteria set forth.

After viewing all available information, there is insufficient information to validate your statement.

If you are not satisfied with this response, you may obtain a Step 2 form you Counselor. As per RCI policy 12.006, Administrative Remedies, "Step 2 forms must be completed and submitted within five (5) days of the date of the Step 1 response".

_4-19-06_
Date

David Farmer, AW-Programs

06 2136
**FILED**
DEC 1 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Petitioner's Exhibit F



**Correctional Programs**
**Administrative Remedies**

# Rivers Correctional Institution
## Step 2 Administrative Remedy Form
Paso 1 Forma De Remedio Administrativo

| Name: Gerald L. Marshall II Nombre: | Number: 08573-007 Numero: |
|---|---|
| Date: 5-2-06 Fecha: | Housing Assignment: C-4 215 U Unidad Asignada: |

| For Official Use Only - Para Uso Oficial Solamente | | | |
|---|---|---|---|
| Date Rec'd: 5/4/06 | Complaint #: 06-08T076 | Staff Assigned: Powell | Date Due: 5/11/06 |

| Complaint - Reclamo |
|---|

Describe your complaint in the section below. Be as concise as possible, but be sure to include enough identifying data to assist in through investigation (e.g. dates, names, locations, times, etc....). Attach one (1)additional page if necessary.

Describa su telaino en la seccion de abajo. Dea lo mas breve posible, pero asegurese de incluir suficiente informacion para asistir en una completa investigacion (pe.. Fechas, nombres, ubicaciones, tiempos, etc....) Agregue una pagina si es necesario.

The Step 1 response rendered by Farmer is completely contradictory and devoid of merit. First, Farmer goes into this unnecessary song and dance regarding the "Workforce and Community Transaction Program blah blah blah". In one breath Farmer states that "you are not being denied the HVAC class". Then in the next breath, Farmer states that, "you do not meet the criteria set forth". See the April 19, 2006 Step 1 response. Any reasonable minded individual could discern that Farmer's statement is simply a denial of my right to program, citing the unfair age restriction.

*Gerald L. Marshall II*
Inmate Signature

*Original page 1 of 2*   **1**

06 2136
**FILED**
DEC 14 2006
**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

1) **Be advised:** In her haste to cut and paste the Step 1 response, the Grievance Coordinator has _collectively_ assigned C. Forrester's and G. Marshall's Step 1 response: Remedy ID No: 06-063. This glaring error must be rectified at ONCE!

Maintenance *I*. See the Step 2 response. It is interesting to note that after *I* was informed that the Custodial Maintenance course was "inactive", the Warden subsequently apprised an inmate that "RCI offers ... Custodial Maintenance ...". See G. Snyder's March 27, 2006 response.

*I* have been denied the right to participate in two (2) vocational course. RCI does not have a "variety" of "vocational opportunities" to offer me as required under RCI-19.00.1(v). Thus, because *I* have been denied the HVAC and Custodial Maintenance course, *I* am being denied "[my] ~~the~~ right to participate in educati and vocational training..." 28 C.F.R. § 541.12(10) (Inmate rights and responsibilities). To deny me the right to participation in vocational training is to serverally hinder my prospects of reintegration and rehabilitation. See 28 C.F.R. § 541.12(10). Sound Correctional Practice recognizes that inmates who are allowed to participate in vocational training present less of a management problem than inmates who do not participate in vocational training.

RCI does not have any marketable vocational opportunities to offer me. *I* want the exact same marketable vocational opportunities offered to to me as they are offered to similarly situated D.C. Code Offenders housed in the BOP Facilities. See 28 C.F.R. § 544.50. The BOP is "resposible for [my] education ... and training." See chiefly, D.C. Code § 24-101 (2001). At this juncture, the BOP is violating their mandatory, nondiscretionary duty to make sure that *I* receive vocational training. Thus, *I* am seeking the same vocational training programs from the BOP as similarly situated D.C. Code offenders receive in the BOP facilities. See 28 C.F.R. § 544.50 and attachment one respectively.

page 2 of 2

Petitioner's Exhibit G



The GEO Group, Inc.

Administrative Remedy
Step 2 – Response

Date Filed:        05-02-2006          Remedy ID No.:    06-076

Inmate Name:    Gerald L. Marshall, III    Reg No.:          08573-007

This is in response to your Step 2 Administrative Remedy dated May 2, 2006 in which you are stating that you are being denied the HVAC and Custodial Maintenance class.

As stated in your Step 1 there is a criteria in order to take this class but this does not mean you can not attend the class. You may attend the class if it is not filled based on those that meet the criteria, but there will be a fee which may include out-of-state tuition and books.

As for the Custodial Maintenance class, you are not being denied because the class is inactive. Once the classes come available you may advise the Education Department that you are interested and you be put on the waiting list or enrolled in the classes.

You also mentioned a transfer to another facility to receive the Vocational Training. You need to see your assigned Case Manager and give him/her the information so they mat proceed with the paperwork. According to policy PS 5100.07 Page 8 "An inmate is **ordinarily** transferred for specialized training programs only if the security level of institution offering the training program is commensurate with the security and custody level of the inmate." All information needs to be presented to your Unit Team if you have an interest.

After viewing all available information, there is insufficient information to validate your statement.

**06 2136**

Based on the above information and facts, your request for Step 2 Administrative Remedy is denied. You have exhausted all of your Administrative Remedies at this level. **FILED**

DEC 1 4 2006

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

5-15-06

Date                                      G. Snyder, Warden

Petitioner's Exhibit H

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Thomas R. Christensen, SSTM | DATE: |
|---|---|
| FROM: Gerald L. Marshall, II | REGISTER NO.: 08573-007 |
| WORK ASSIGNMENT: Pod Orderly | UNIT: C-4 215 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

This complaint is advanced to you pursuant to RCI-
12.006 which will initiate my path to the BP-230 and 231.

First the HVAC course is offered to a class of similarly situated
D.C. Code offenders between the age of 18 thru 25. As a D.C. Code
offender that is 26 and older I must pay the $2,500.00 dollars
for the HVAC course. As you are aware, D.C. Code offenders housed
in a BOP facility are not required to pay for the HVAC course,
nor has the BOP put any age restriction in place. See the
attached Step 1 and 2 response. Second the Warden states that
"you are not being denied because the class is inactive" [Custodial

Page 1 of 2

(Do not write below this line)

DISPOSITION:

06 2136

**FILED**

DEC 14 2006

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94


Printed on Recycled Paper

**U.S. Department of Justice**

*Federal Bureau of Prisons*

---

Marshall, Gerald
Reg. No.: 08573-007
Unit: C04-215

### Inmate Request to Staff Response

This is in response to your Inmate Request to Staff dated May 23, 2006. You write concerning vocational opportunities offered at Rivers Correctional Institution.

If you are not satisfied with the response to your Informal Resolution, Step 1 and Step 2, you may submit a Regional Administrative Remedy Appeal (form BP-230). You must attach copies of the responses given to you on the above-mentioned requests. Your unit team can give you a BP-230 and your appeal should be sent to: Administrator, Privatization Management Branch (PMB), 320 First Street N.W., Washington, D.C. 20534.

_____                    _5/23/06_
Thomas R. Christensen                        Date
Senior Secure Institution Manager

06 2136

**FILED**

DEC 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. Department of Justice    Petition is Exhibits    Regional Administrative Remedy Appeal

Federal Bureau of Prisons

_____

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: Marshall, II Gerald L. | #08573-007 | C-4 215U | Rivers Corr. Inst. |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** This BP-230 is advanced to this office via certified Mail No# 7002 3150 0004 2813 7236. Because the SSIM, Thomas R. Christensen failed to address the issue raised in my BP-148 dated May 23, 2006, I am compelled to raise the issue at this level. In addition, the SSIM failed to recognize my **strong desire** to continue to program, which is undoubtedly promoted by the current D.C. Parole laws. **See** the attachments.

First, the HVAC Course is offered to a class of D.C. Code offenders between the age of **18** through **25**. However, the HVAC Course **is not** offered to similarly situated D.C. Code offenders that are confined at this facility that are over the age of **26**, unless the requisite fee of $2,500.00 dollars is paid. My current age is **37**. As this office is no doubt aware, D.C. Code offenders housed in a BOP facility **are not** required to pay for the HVAC Course, nor has the BOP put any age restriction in place. **See** the attachments, respectively. Second, the Warden states that, "it

| 6-2-06 | Aerald L. Marshall, II |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

06 2136

**FILED**

DEC 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED

JUN 0 7 2006

Privatization Mgt. Branch

_____    _____
DATE                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 415833-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

Regional Administrative Remedy Appeal 415833-R1
Part B Response

This is in response to your appeal of the Warden's response in
which you request a transfer to a Bureau facility for
participation in vocational training programs.  You claim you
have requested access to these programs, specifically Custodial
Maintenance and HVAC, to assist with your rehabilitation and
staff have not appropriately handled your request.

In accordance with PS 5100.07, <u>Security Designation and Custody
Classification</u>, decisions regarding transfers are ordinarily left
to the discretion of the Warden.  The Warden has adequately
addressed your concerns, and you have presented no new
information to challenge his decision, therefore, your appeal is
denied.

If you are dissatisfied with this response, you may appeal to the
Office of General Counsel, Federal Bureau of Prisons, 320 First
Street, N.W., Washington, DC 20534.  Your appeal must be received
in the Office of General Counsel within 30 calendar days from the
date of this response.

___7-14-06___
Date

_James E. Burrell_____
James E. Burrell, Administrator
Privatization Management Branch

06 2136

FILED

DEC 1 4 2006

 MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. Department of Justice     **Petition** — **Exhibit 1** Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From:   Marshall, Gerald L.     #00573-007     C-4 215     Riv. Corr
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** This BP-231 is advanced to you via Certified Mail No: 7002 3150 0004 2813 6970. The response rendered by the Administrator evades my issue, and it is an absolute misrepresentation of the issue that I presented within my BP 230. I am being denied the right to participate in education and vocational training. This is the actual issue presented. See the attached BP-230 and it's attachments.

I have been incarcerated since Oct. 1988. Currently, I have a projected release date of April 2023. On March 24, 2006, I requested the HVAC Course. The education department has advised me that "I do not meet the age or residence requirement". On March 26, 2006, I requested Custodial Maintenance. The education department has informed me that "Custodial Maintenance is inactive at this time". See the attached BP-230 and it's attachments. At this juncture, I am diligently trying to acquire additional programs. However, RCI is currently blocking my regulatory responsibility of taking advantage of the would be programs that RCI should be offering. "You have the responsibility to take advantage of activities which may help you live a successful and Law-abiding life within the institution and in the community".

---

    DATE            Page 1 of 2            SIGNATURE OF REQUESTER

**Part B - RESPONSE**

7002 3150 0004 2813 6970

06 2136

**FILED**

DEC 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

    DATE            GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE            CASE NUMBER: _____

**Part C - RECEIPT**

           CASE NUMBER: _____

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

---

    DATE          ✪          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

                                                   BP-231(13)
                                                   JUNE 2002

Case 1:06-cv-02186-HHK    Document 1    Filed 12/14/2006    Page 46 of 47

I have been denied **the right** to participate in two (2) vocational courses. RCI **does** **not** have a **"variety"** of **"vocational opportunities"** to offer me as required under RCI policy 25.001(Comprehensive Educational). Thus, because I have been denied **"the right"** to participate in education, [and] vocational training...". 28 C,F,R, §541.12(10)(**Inmate rights and responsibilities**). To deny me the right to participate in vocational training is to severely undermine my prospects of reintegration and rehabilitation. **See chiefly,** **28 C.F.R. §541.12(10).** Sound Correctional practice recognizes that inmates who are allowed to participate in vocational training present less of a management problem than inmates who do not participate in vocational training.

RCI does not have any **marketable vocational opportunities** to offer me. I want the same marketable vocational opportunities offered to me as they are offered to **similarly situated** D.C. Code offenders housed in the BOP facilities **See** 28 C.F.R. §544.50. The BOP is "responsible for [my]...education...and training...". **See chiefly,** D.C. Code §24-101(b)(2001). At this juncture, the BOP is violating their **mandatory,** nondiscretionary duty to ensure that I receive vocational training. Thus, I am seeking the sane vocational training programs from the BOP as similarly situated D.C. Code offenders receive in the BOP facilities. **See** 28 C.F.R. §544.50. I am scheduled to receive my fourth parole rehearing April 2008. It is imperative that I require program completions to produce to the Parole Commission to establish that I am trying to rehabilitate myself. **See** 28 C.F.R. §2.80(e) (**Program achievements**).

Because there are no **marketable programs** here at RCI, **what do you suggest** **that I do???** I am simply requesting vocational programs (**marketable**) opportunities because at this time, **I am doing idle time. See** Supra D.C. Code §24-101(b) and 28 C.F.R. §541.12(10), respectively.

**Administrative Remedy No. 415833-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal in which you request a transfer to a Bureau of Prisons
facility to participate in vocational training programs. You
claim you requested access to these programs at Rivers
Correctional Institution and were denied.

Our review reveals the Warden and Regional Director adequately
responded to the issues you raised, in your appeal. The issue of
transfers is left to the discretion of the Warden and Regional
Director per P.S. 5100.08, Security Designation and Custody
Classification Manual.

As noted in your response from the Warden at Rivers Correctional
Institution, an investigation revealed that you requested to
participate in the HVAC Program and the Custodial Maintenance
Class. The Warden advised you that you did not meet the criteria
set forth for the HVAC Program. However, the Warden also stated
that if space becomes available for others to participate, you
can attend with a fee that may include out-of-state tuition and
books.

On the other program you requested, staff informed you the
Custodial Maintenance Class is inactive at this time. Once this
class becomes available, you may enroll. We encourage you to
keep in contact with the Education Department so that you can
receive further information on programs available.

Accordingly, your appeal is denied.


_October 16, 2006_
Date

_Harrell Watts, Administrator_
National Inmate Appeals

**06 2136**
**FILED**

DEC 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Gerald L. Marshall 88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro se (PR)

## DEFENDANTS

Federal Bureau of Prisons, et al,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

# 08573-007

CASE NUMBER  1:06CV02136

JUDGE: Henry H. Kennedy

DECK TYPE: Pro se General Civil

DATE STAMP: 12/14/2006

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZEN...
FOR PLAINTI...

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G. Habeas Corpus/ 2255** | ☐ **H. Employment Discrimination** | ☐ **I. FOIA/PRIVACY ACT** | ☐ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |
| ☐ **K. Labor/ERISA (non-employment)** | ☐ **L. Other Civil Rights (non-employment)** | ☐ **M. Contract** | ☐ **N. Three-Judge Court** |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

---

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

---

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS   ☐   ACTION UNDER F.R.C.P. 23   **DEMAND $** 0   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES ☐ NO   If yes, please complete related case form.

**DATE** 12.14.06   **SIGNATURE OF ATTORNEY OF RECORD** WCD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



N:\forms\js-44.wpd