# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GERALD L. MARSHALL,               )
                                  )
              Plaintiff,           )
                                  )
       v.                         )        No. 06-2136 (HHK)
                                  )
BUREAU OF PRISONS, et al.,        )
                                  )
              Defendants.         )
_____ )

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), defendants Federal Bureau of Prisons, Harley Lappin, Scott Stermer, Harrell Watts, and Thomas Christenson, in their official capacity only, respectfully request that this Court dismiss plaintiff's claims in their entirety. Defendants respectfully refer the Court to the attached memorandum in support of this motion. A proposed order is also attached hereto.

Pro se Plaintiff is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See Fox v. Strickland, 837 F.3d 507, 509 (D.C. Cir. 1988).

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

_____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney

555 Fourth Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GERALD L. MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-2136 (HHK) |
| | ) | |
| BUREAU OF PRISONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), defendants Federal Bureau of Prisons, Harley Lappin, Scott Stermer, Harrell Watts, and Thomas Christenson, in their official capacity only,[1] respectfully request that this Court dismiss plaintiff's claims in their entirety.

## BACKGROUND

Plaintiff in this action is District of Columbia inmate Gerald L. Marshall (Inmate # 08573-007). He is currently serving a ten year sentence for Armed Robbery; Possession of a Firearm During a Violent Offense, and Assault with the Intent to Rob While Armed. See Inmate Information. His projected release date is May 31, 2011. See Inmate Information. Plaintiff is currently housed at the Federal Correctional Institution ("Rivers FCI") in North Carolina. See Inmate Information; Compl. p.6.

---

[1] Although Plaintiff asserts that his claims are against defendants in their official and individual capacity, he seeks only injunctive relief relating to Bureau of Prisons programs, and not money damages for constitutional violations. Thus because defendants can carry out any Court order only in their official capacity, his claims are against defendants in their official capacity only. See, e.g., Brancaccio v. Reno, 964 F.Supp. 1, 2 n.4 (D.D.C. 1997), aff'd 1997 WL 634544 (D.C. Cir. 1997).

Plaintiff brings Due Process and Equal Protection claims and seeks injunctive and declaratory relief. Compl. p.6-7. He argues that he is being deprived of viable educational/training programs at Rivers FCI. Compl. p.10-12. In particular, Plaintiff states that the BOP is obligated under the National Capital Revitalization and Self-Government Act of 1997 to provide him with more training than what has been provided to him at Rivers FCI. Compl. p.7-8. Plaintiff states that in 2006, he was denied access to an air conditioning, heating and refrigeration program created for D.C. offenders. Compl. p.11. This denial was based on his failure to meet specified age and residency requirements. Id. Plaintiff states that he was also denied access to a custodial maintenance program, though he acknowledges that this program is "inactive." Compl. p.11-12. Plaintiff appears to state that his damages are in the form of lost educational good-time credits. Compl. p.13-15. Plaintiff also asks the court to, if need be, "convert" this matter into an action under the Administrative Procedure Act. Compl. p.7-8.

Plaintiff names the following defendants: (1) the Federal Bureau of Prisons; (2) BOP Director, Harley Lappin; (3) BOP Contracting Officer, Scott Stermer; (4) BOP National Inmate Appeals Administrator, Harrell Watts; and (5) BOP Institution Manager, Thomas Christensen. Records reflect that none of these defendants were properly served and that defendant Scott Stermer was not employed by the BOP at the time the alleged events occurred.

## ARGUMENT

### I.    Plaintiff Does Not Have a Constitutional Right to Participate in a Particular Training Program

#### A.    Plaintiff has no "liberty interest" with regards to this matter

Federal inmates have, in the past, brought forth the notion that Due Process violations are

spawned when they have been deprived the opportunity to earn good time through participation

in vocational training.  Courts consistently reject this claim:  "[q]uite simply, deprivation of

education or training alone does ***not*** violate the Constitution."  <u>Tanner v. Federal Bureau of</u>

<u>Prisons</u>, 433 F Supp. 2d 117, 123 (D.D.C. 2006) (emphasis added).  That remains the case here

as Plaintiff's participation in training at Rivers FCI is ***not*** an interest protected by the Due

Process Clause.

Plaintiff claims that he would be deprived of good time credit if he does not complete the

program in question, and while that may be the case, such deprivations must be inevitable for a

Due Process violation to stand.  <u>See</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 487 (1995).  In this matter,

the vocational programs in question are not liberty interests requiring due process because it is

not inevitable that Plaintiff would complete them and gain credits.  <u>See</u> <u>Tanner</u>  433 F Supp. 2d

at 123.

Plaintiff's claim that a transfer is required falls short as well.  "[Inmates have] no

constitutional right to a specific educational or vocational program in prison or in not being

transferred to another institution where the educational or vocational programs are less

comprehensive.  It is well settled that an inmate has no constitutional right to be rehabilitated."

<u>Archer v. Reno</u>, 877 F.Supp. 372, 377 (E.D. Ky. 1995) (relying on <u>Rhodes v. Chapman</u>, 452 U.S.

337, 348 (1981)).  "Likewise, that existing programs are inadequate to serve any rehabilitative

purpose does not violate the constitution. Prisoners have no enforceable constitutional right to

rehabilitative programs."  <u>Capps v. Atiyeh</u>, 559 F.Supp. 894 (D. Or. 1982) (citing <u>Hoptowit v.</u>

<u>Ray,</u> 682 F.2d 1237, 1254-55 (9th Cir. 1982)).

An inmate does not have a constitutional right to "desirable aids to rehabilitation."

Rhodes v. Chapman, 452 U.S. 337 (1981). There is no constitutional right to specific programs or "in not being transferred to another institution where the educational or vocational programs are less comprehensive." Archer v. Reno, 877 F.Supp. at 377.

In Archer, thirteen female inmates attempted to prevent their transfer from FMC Lexington because they wanted to complete an apprenticeship in the dental lab that would lead to certification as a Journeyman Dental Technician. Id. The court rejected their claim because they had no "vested interest in working in the dental lab," no constitutional right to participate in that particular program, and "no constitutional right to be rehabilitated." Id. Similarly, in Byrd v. Mosely, 942 F.Supp. 642, 643 (D.D.C. 1996), an inmate was prevented from participating in a program that provided prison tours and counseling to young people. Byrd, 942 F.Supp. at 643. The Court rejected his claim under the Eighth and Fifth Amendments because "an inmate has no constitutional right to participate in a particular educational or vocational program." Id. at 644. Likewise, in Garza v. Miller, 688 F.2d 480, 482 (7th Cir. 1982), cert denied, 450 U.S. 1150 (1983), the plaintiff was subject to increased security regulations. Garza, 688 F.2d at 482. However, this increased security did not violate his constitutional rights in regard to employment because he did not "have a property or liberty interest in prison employment, or increased recreation and educational courses." Id. at 485.

Like the plaintiffs in Byrd, Franklin and Garza, Plaintiff does not have a property or liberty interest in participating in training programs at Rivers FCI. Accordingly, his constitutional claims should be rejected because there is no constitutional right to participate in a particular educational or vocational program.

4

**B.     Plaintiff has shown no equal protection violation**

The Equal Protection Clause demands that the government apply its laws in a rational and nonarbitrary manner.  See  Plyler v. Doe, 457 U.S. 202, 216 (1982);  Pryor-El v. Kelly, 892 F.Supp. 261(D.D.C. 1995). However, "the conscious exercise of some selectivity in enforcement is not itself a federal constitutional violation." Pryor-El, 892 F.Supp. at 270 (quoting Oyler v. Boles, 368 U.S. 448, 456 (1962).

For an equal protection claim to be validated in the prison context, an inmate who is not in a protected class must establish two necessary predicates.  First, the inmate must establish that he or she was treated differently than other prisoners in his or her circumstances.  Id. (citing Brandon v. District of Columbia Bd. of Parole, 823 F.2d 644, 650 (D.C.Cir. 1987).  Second, he or she must establish that such unequal treatment was the result of intentional or purposeful discrimination. Id.

Plaintiff's claim fails under this level of scrutiny.  As an initial matter, Plaintiff is not similarly situated to D.C. offenders being housed in different facilities – for purposes of an equal protection claim, he must be compared to "persons confined as he was confined, subject to the same conditions to which he was subject."  See Koyce v. United States Board of Parole, 306 F.2d 759, 762 (D.C. Cir. 1962); Moss v. Clark, 886 F.2d 686 (4th Cir. 1989) ("District of Columbia prisoners do not become similarly situated to prisoners in federal facilities with regard to parole eligibility simply because both were sentenced in the District of Columbia Superior Court under the District of Columbia Code. ").  In this action, Plaintiff merely claims that he is being treated differently than other inmates who were placed in ***other prison camps***.  Thus, for purposes of his equal protection claim, Plaintiff is comparing himself to the wrong set of inmates.

5

Second, Plaintiff has not shown the requisite proof of different treatment or intent to discriminate on the part of BOP officials.  See McCleskey v. Kemp, 481 U.S. 279, 297 (1987) (holding that a complaining party must show "***exceptionally clear proof***" that the government abused its discretion) (emphasis added).  Absent any showing at all, this claim is without merit.

## II.     Plaintiff Fails to State a Claim Under the APA

Plaintiff claims the BOP violated the Administrative Procedures Act ("APA") by denying his participation in the HVAC program.  In particular, he asserts that the BOP failed to adhere to a mandate established in D.C. Code § 24-101(b), in which Congress gave the BOP oversight of all felons convicted within the District of Columbia.  Part of this oversight, Plaintiff contends, is a responsibility to provide education and training to inmates.

It is true that D.C. Code § 24-101(b) does grant the BOP authority to oversee D.C. felons and part of this oversight includes the provision of educational and training opportunities.  However, the language in the statue does not specify any detailed educational or training program and does not confer either a property or a liberty interest in particular education or training.  Furthermore, the statute does not mention any right to training in general.  D.C. Code § 24-101(b).  The statute merely outlines the fact that training and educational opportunities are to be made available to inmates.  Several of these opportunities have been made available to Plaintiff, as he acknowledged in his complaint.  Compl. p.11.

In essence, Plaintiff is asserting that he has a right to participate in a prison training of his choice and this right simply does not exist.  Prison rehabilitation and training opportunities are not a constitutional right, but rather a privilege.  Hayes v. Cuyler, 475 F.Supp. 1347, 1350 (E.D. Pa.1979) citing Green v. United States, 481 F.2d 1140 (D.C. Cir. 1973); Preston v. Ford, 378

F.Supp. 729, 730 (E.D. Ky.1974); United States v. Pate, 229 F.Supp. 818, 819 (N.D. Ill.1964);

Mercer v. United States Medical Center for Federal Prisoners, 312 F.Supp. 1077, 1079 (W.D.

Mo.1970).

Under 5 U.S.C. §701(a), if an agency action under consideration (placement,

classification, designation) is committed to agency discretion by law, or a statute precludes

judicial review, the agency action is unreviewable under the APA.  5 U.S.C. §701(a).  Section §

701(a)(2) provides an exception to the general presumption of reviewability in cases in which the

action is committed to agency discretion by law.  See  Citizens to Preserve Overton Park, Inc. v.

Volpe, 401 U.S. 402 (1971).  This exception applies "when the statute granting agency discretion

is so broad that it provides no law for courts to apply when reviewing agency action."  Haitian

Refugee Center, Inc. v. Baker, 953 F.2d 1498, 1507 (11th Cir.), cert denied, 112 S.Ct. 1245

(1992).

If a statute is written so broadly that there is no law to apply, a court's review of agency

action would be essentially unguided.  Then, by the language of the statute, the action is

committed to the agency's discretion.  "Only if a specific statute somehow limits the agency's

discretion to act is there sufficient 'law to apply' as to allow judicial review."  See Greenwood

Utilities Com'n. v.  Hodel, 764 F.2d 1459, 1464 (11th Cir. 1985).

18 U.S.C. §3621 provides the BOP with the custody of inmates sentenced to a term of

imprisonment.  Among the duties delegated to the BOP is the classification of inmates.  See 18

U.S.C. §4001(b).  These enabling statutes are broadly written and direct the BOP to perform

various functions regarding both sentenced and pre-trial inmates.  Since the statutes do not

provide specific direction as to how these mandates are to be accomplished, the agency's

discretion is not limited, the matters are left to agency discretion, and there is no law for the court to apply in a judicial review under the APA.

In addition, § 3625 precludes the court from reviewing classification decisions under the APA. Specifically, § 3625 states "[t]he provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." See Richmond v. Scibana, 387 F.3d 602, 605 (7th Cir. 2004) ("A placement decision itself is not open to challenge under the APA"); Fristoe v. Thompson, 144 F.3d 627, 630-631 (10th Cir. 1998) (noting that § 3625 precludes review of the BOP's substantive decision in an individual case); Landry v. Hawk-Sawyer, 123 F. Supp. 2d 17, 19 (D.D.C. 2000) (noting that judicial review of BOP substantive decision regarding a particular prisoner is precluded by 18 U.S.C. § 3625); Fullenwiley v. Wiley, 1999 WL 33504428 (N.D.N.Y. 1999) (federal courts lack jurisdiction over claim that BOP improperly classified prisoner).

Plaintiff challenges his inability to participate in certain training programs under the APA through a civil action. However, decisions such as these are not subject to judicial review under § 3625. Thus, this Court does not have subject matter jurisdiction to entertain this case.

## III. Plaintiff Fails to Satisfy the Heavy Burden for Obtaining Injunctive Relief

If the Court chooses to consider this motion for an injunction while considering the merits of the complaint, this extraordinary remedy is not appropriate. The District Court for the District of Columbia has explained that in determining whether to enter a permanent injunction,

> . . . the Court considers a modified iteration of the factors it utilizes in assessing preliminary injunctions: (1) success on the merits, (2) whether the plaintiffs will suffer irreparable injury absent an injunction, (3) whether, balancing the hardships, there is harm to defendants or other interested parties, and (4) whether the public interest favors granting the injunction.

American Civil Liberties Union v. Mineta, 319 F. Supp. 2d 69, 87 (D.D.C. 2004)(citation omitted).

**A.    Plaintiff will not succeed on the merits**

As stated above, Plaintiff does not have a property or liberty interest in participating in training programs at Rivers FCI.  Furthermore, the equal protection claim fails as he does not establish that he was treated differently than other inmates in his circumstances nor does he establish that the unequal treatment was the result of intentional or purposeful discrimination.

**B.    Plaintiff will not sustain an irreparable injury if the injunction is not granted**

In this case, Plaintiff has yet to explain how an injunction will prevent immediate and irreparable harm.  Plaintiff must not only show that the alleged harm "will *in fact* occur" but must also show that the injury complained of is "of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."  Wisconsin Gas Co. v. F.E.R.C., 758 F.2d 669, 674 (D.C. Cir. 1985).  Plaintiff has not demonstrated the type of irreparable and imminent harm necessary to warrant relief.

**C.    Balancing the hardships, there is harm to defendants or other interested parties**

The relief Plaintiff seeks would substantially injure the BOP by compromising its decision-making authority under the statutes and case law.  Because Rivers FCI houses primarily D.C. inmates, there is a need to set admissions criteria for entrance into training programs or risk overcrowding.

**D.    Public interest does not favor granting the injunction**

The public interest does not favor the granting of the injunction.  The matters challenged

by the Plaintiff are matters within the exclusive authority of the BOP. The BOP's decisions regarding this inmate have been in compliance with BOP policy. Thus, the public interest in having safe prisons administered by the BOP would be safeguarded by the denial of this request for injunctive relief.

> **E.    No injunctive relief may be awarded without meeting the specific preliminary injunctive relief requirements of the PLRA at 18 U.S.C. §3626(a)(2)**

The statute governing prospective relief in the Prison Litigation Reform Act (PLRA), codified at 18 U.S.C §3626(a)(2), puts substantial limits on injunctive relief. Specifically, the act provides, "prospective relief in any civil action with respect to 'prison conditions' (defined by the Supreme Court in <u>Porter v. Nussle</u>, 534 U.S. 516, 525 (2002), as 'any aspect of prison life') shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any injunctive relief unless narrowly drawn, extends no further than necessary to correct the harm the court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm." Further, "[t]he court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." The court must make **_particularized findings_** with respect to the requirements of the act, and must be more than mimicking the language of the statute, as discussed in <u>Cason v. Seckinger</u>, 231 F.3d 777 (11th Cir. 2000); <u>see also</u>, <u>Johnson v. Breeden</u>, 280 F.3d 1308 (11th Cir. 2002).

The legislative history regarding these restrictions was set out in <u>Thompson v. Gomez</u>, 993 F.Supp. 749, 754-55 (N.D. Cal.1997), <u>rev'd on other grounds</u>, <u>Gilmore v. People of the State of Cali.</u>, 220 F.3d 987, 1005 (9th Cir. 2002):

The legislative reports on the bill reflect these Congressional intentions:

> By requiring courts to grant or approve relief constituting the least
> intrusive means by curing an actual violation of a federal right, the
> provision stops judges from imposing remedies intended to effect
> an overall modernization of local prison systems or provide an
> overall improvement in prison conditions.  The provision limits
> remedies to those necessary to remedy the proven violation of
> federal rights.  The dictates of the provision are not a departure
> from current jurisprudence concerning injunctive relief [which
> provides that] ... injunctive relief must be no broader than
> necessary to remedy the constitutional violation.  H.R.Rep. No. 21,
> 104th Cong., 1st Sess., pt. 2, p. 34 (1995) (citations and quotations
> omitted).

See also Hadix v. Johnson, 182 F.3d 400 (6th Cir. 1999) (Michigan prison system access-to-courts litigation); Armstrong v. Davis, 275 F.3d 849 (9th Cir. 2001) (disabled inmates sought injunctive relief, using ADA/Rehabilitation Act as federal right).

There is no jurisdiction to proceed with this litigation, and defendant has shown that Plaintiff's other arguments should be rejected, so there is no likelihood of success in this litigation.  There is insufficient legal harm alleged, and granting preliminary prospective relief would have an adverse impact upon public safety and the operation of the federal criminal justice system.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims should be dismissed in their entirety and judgment should be entered in defendant's favor.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

11

_____/s/_____

RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


_____/s/_____

QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

<u>**CERTIFICATE OF SERVICE**</u>

_____I certify that on May 3rd, 2007, a true and correct copy of the foregoing was sent by first

class mail, postage prepaid to:

      GERALD L. MARSHALL
      R 08573-007
      RIVERS CORRECTIONAL INSTITUTION
      P.O. Box 630
      Winton, NC 27986

          _____/s/_____
          Quan K. Luong
          Special Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GERALD L. MARSHALL,         )
                                    )
        Plaintiff,        )
                                    )
        v.                 )     No. 06-2136 (HHK)
                                    )
BUREAU OF PRISONS, et al.,     )
                                    )
        Defendants.    )
_____)

**ORDER**

       Upon consideration of Defendants' Motion to Dismiss, the relevant law, and the entire

record herein, it is this _____ day of _____, 2007

       ORDERED that Defendants' Motion to Dismiss is GRANTED, and it is further

       Further ORDERED that this case is DISMISSED WITH PREJUDICE.

       This is a final appealable order.

       SO ORDERED.


                               _____
                                UNITED STATES DISTRICT COURT JUDGE